IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 12-00211-KD-C |
| | ) | |
| PATRICK CARLISLE, | ) | Civil Action No. 20-00471-KD |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on Defendant Patrick Carlisle's Motion under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence with brief in support (docs. 60, 62, 62-1).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides for a preliminary review by the court. Subparagraph (b) states that the

> judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

28 U.S.C. foll. § 2255, Rule 4(b).

For the reasons set forth herein, Carlisle is not entitled to relief. Accordingly, the Motion is DISMISSED, and the Clerk is directed to notify Carlisle.

I. Background

In April 2013, Defendant Carlisle was sentenced to a term of 51 months for the offense of felon in possession of a firearm (doc. 33). His three-year term of supervised release commenced

April 14, 2016.  Carlisle was arrested by Mobile County Sheriff's Deputies on March 12, 2018.  He was charged with several misdemeanor offenses and the felony offense of possession of a controlled substance, methamphetamine.  A petition for warrant or summons for an offender under supervision was filed and Carlisle was arrested pursuant to a Writ of Habeas Corpus as Prosequendum on March 21, 2018 (doc. 40, sealed; doc. 42).

On June 12, 2018, this Court revoked Carlisle's supervised release term and sentenced him to serve 21 months (doc. 56).  The judgment was silent as to credit for time served in custody or any concurrent sentence. He was remanded to the custody of the United States Marshal and later returned to the custody of the State of Alabama.

In November 2018, the State of Alabama sentenced Carlisle to a term of five years for the controlled substance offense.  According to Carlisle, the state court judge ordered his state sentence to run concurrent with his federal sentence in this action.  Carlisle remained in state custody until February 28, 2020 when he was taken into federal custody.  Carlisle is now serving his 21-month federal sentence and his estimated release date is August 25, 2021. Carlisle is presently incarcerated at the United States Prison in Atlanta, Georgia

A. <u>Analysis</u>[1]

Carlisle argues that this Court committed a sentencing guidelines error by failing to follow U.S. Sentencing Guidelines § 5G1.3(b) when he was sentenced for the revocation.  He argues that the conduct in the state offense, which, in part, brought about his revocation, is "relevant conduct" and his sentence should have been adjusted accordingly.

---

[1] Carlisle's motion appears to be untimely.  He was sentenced June 12, 2018. He had fourteen days to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i).  Since Carlisle did not file a notice of appeal, his sentence became final on June 26, 2018.  The one-year time period to file a § 2255 petition ended on June 27, 2019, unless Carlisle could show that his time period began to run at a later time. See 28 U.S.C. § 2255(f).

Section § 5G1.3, is captioned "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment" and subparagraph (b) provides, as follows:

> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).

However, the Court of Appeals for the Eleventh Circuit has held that § 5G1.3(b) "does not apply to sentences imposed upon revocation of supervised release." United States v. Esteen, 703 Fed. Appx. 825, 828 (11th Cir. 2017).  Addressing a similar situation, the Eleventh Circuit explained that

> The advisory policy statement regarding sentences imposed upon revocation of supervised release recommends consecutive sentences, even where the defendant is already serving another sentence based on the same conduct. See U.S.S.G. § 7B1.3(f). It also recommends that no credit be given for time served, other than time in detention relating to the supervised-release violation. See id. § 7B1.3(e). The provision that Mr. Esteen relies upon, § 5G1.3(b)—which calls for concurrent sentences when a term of imprisonment resulted from another offense that is relevant conduct to the instant offense—**does not apply to sentences imposed upon revocation of supervised release.** ") (citing *United States v. Flowers,* 13 F.3d 395, 397 (11th Cir. 1994)).

United States v. Esteen, 703 Fed. Appx. at 828 (emphasis added).

Since Carlisle's sentence was imposed upon revocation of his supervised release, § 5G1.3(b) does not apply to him, and therefore, no relief is available for the alleged error in the application of § 5G1.3(b).  See also Orso v. United States, 452 Fed. Appx. 912,913 n.4 ("Although Orso argues that his sentencing claim is a constitutional claim, we have said that a 'claim that a sentencing guidelines provision was misapplied ... is not a constitutional claim.'" (quoting Gilbert v. United States, 640 F.3d 1293, 1321 (11th Cir.2011) (en banc)); Spencer v. United States, 773 F.3d 1132, 1140 (11th Cir. 2014) ("A misapplication of advisory sentencing guidelines, in contrast, does not violate an 'ancient' right, nor does it raise constitutional concerns.").

C. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 18 U.S.C. foll. § 2255, Rule 11(a). "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).

When the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove

4

something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotations omitted).

Upon consideration, certificate of appealability is **DENIED**. Carlisle has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not find this Court's assessment of his claim as "debatable or wrong." Slack, 529 U.S. at 484.

**DONE** and **ORDERED** this 10th day of November 2020.

                                                  **s / Kristi K. DuBose**
                                                **KRISTI K. DuBOSE**
                                                **CHIEF UNITED STATES DISTRICT JUDGE**